## EDWARDS & McKIBBEN *vs.* CLEMONS & CROZIER.

A notice of special matter accompanying a plea, intended to be insisted on at the trial, is good if it fairly apprise the plaintiff of the material facts upon which the defendant means to insist.

A *parol lease* for four years, though void in itself, may be shown in evidence to support a distress for rent where the tenant enters and occupies the demised premises.

Where a defendant in replevin avows the taking under a demise at an annual rent *payable quarterly*, and the proof is that the rent is *payable annually*, (saying nothing as to quarterly payments,) there is a variance; but as it does not operate prejudicially to the opposite party, it may be disregarded at the circuit and the party be permitted to apply to amend his pleadings.

*THIS was an action of *replevin*, tried at the Erie circuit in    [ *481 ]
January, 1839, before the Hon. NATHAN DAYTON, one of the
circuit judges.

The plaintiffs declared in the *detinet* for a quantity of merchandise. The defendants pleaded the general issue, and gave notice of special matter to be proved on the trial, that they, *as the bailiffs of Alanson Palmer*, would acknowledge the taking of the goods in the building, &c. and justly, &c. because the plaintiffs for one year preceding the 1st May, 1837, and from thence until and at the time when, &c. enjoyed the building in which, &c. as tenants to Palmer, by virtue of a demise theretofore made under the yearly rent of $600, *payable quarterly*, on the first days of August and November, 1836, and the first days of February and May, 1837, and because $120,75, parcel of the said sum of $600, for the space of one year ending on 1st May, 1837, was due and in arrear from the plaintiffs *to Alfred Clemons and one Horatio Warren, the assignees of the said Alanson Palmer*, they the defendants, *as bailiffs of Palmer*, acknowledge the taking of the goods, &c. *as for and in the name of a distress* for the said sum of $120,75, so due and in arrear *to the said Alfred Clemons and Horatio Warren*, assignees of Alanson Palmer as aforesaid. The notice further stated that the defendants would farther give in evidence in bar of the action, that on the 28th June, 1837, the plaintiffs were justly indebted *to Alanson Palmer* in the sum of $120,75, for the rent of a certain building situate, &c. leased to them by Palmer on 1st May, 1836, for one year, at the yearly rent of $600, payable quarterly; which sum of $120,75, being the balance of the rent of the year aforesaid, became due on the 1st day of May, 1837, and the defendants took and distrained the goods, &c. by virtue of a distress warrant *duly issued by Palmer* against the goods, &c. of the plaintiffs, for the rent aforesaid, as they lawfully might. On these pleadings the cause was tried.

The plaintiffs produced in evidence an *affidavit* of the rent due, made by *Alfred Clemons* on 27th June, 1837, in which he stated that on or about 1st May, 1836, *Alanson Palmer* demised and let to the plaintiffs, *for the term of four years*, a certain *building (describing    [ *482 ]
it) at a yearly rent of $600, payable quarterly, and that there
was then due *to the said Alanson Palmer's assignees*, $120,76, by the

terms of the contract or lease, for the rent of the premises from 1st May, 1836, to 1st May, 1837, being for balance due *on first year's rent.* (Signed) " Alfred Clemons, one of A. Palmer's assignees." The plaintiffs also produced a *distress warrant,* dated 27th June, 1837, directing any constable of the town of Buffalo to distrain the goods and chattels of the plaintiffs, for $120,75, " being for amount of rent due to *me* for the use of the said 'premises," on 1st May, 1837, as appears by the affidavit hereunto annexed : this warrant was signed " Alanson Palmer, by Alfred Clemons, one of his assignees." The plaintiffs then proved, that by virtue of the warrant the defendants *levied* upon property in the possession of the plaintiffs of the value of $1500. The property, however, was not removed. Here the plaintiffs rested. The defendants then proved an acknowledgment of Mc-Kibben, one of the plaintiffs, that he and his partner had taken the store from Palmer, *for four years from* 1st *May,* 1836 *at an annual rent of* $600 : this evidence was objected to by the plaintiffs as inadmissible under the notice accompanying the plea ; but the objection was overruled. The defendants also proved that the plaintiffs took possession of the demised premises on 1st May, 1836 ; and produced in evidence an *assignment* from Palmer to Alfred Clemons and Horatio Warren, dated 4th May, 1836, conveying to them all his property for the benefit of his creditors. The value of the property was conceded to be $1500, and the balance of rent due to be $120,75. The judge charged the jury that the plaintiffs were *not* entitled to recover. The jury found for the defendants, assessing the value of the property at $1500, and certifying the amount of rent due to be $120,75. The plaintiffs, on a bill of *exceptions,* moved for a new trial.

*W. L. G. Smith,* for the plaintiffs.

*J. G. Masten,* for the defendants.

[ *483 ]        *By the Court,* COWEN, J.   The notice accompanying the plea did not mislead by stating that the defendants were *bailiffs to Alanson Palmer.* They could not take any authority from him ; but that was not the objection, nor was it that the notice varied from the truth. It seems to have been merely that the notice was inconsistent in stating a distress by Palmer's bailiffs for a rent which the same notice stated to be due to his assignees. Such a notice would not mislead the plaintiffs. Particulars enough were stated to show them the premises and rent in respect to which the distress was made. It is enough in a notice of special matter, that it fairly apprise the plaintiff of the material facts on which the defendant means to insist. *Chamberlain* v. *Gorham,* 20 *Johns. R.* 746, *on error. Id.* 144, *S. C.*

To the objection that the warrant claimed the rent to be due to Palmer,

while the affidavit stated that it was due to the assignees, nearly the same remarks are applicable. The warrant was sufficiently plain on the whole as to the rent for which the distress was to be made. So of the affidavit. This claims a balance of rent for the true year, and is not vitiated by previously averring that the lease was for four years.

No objection appears to have been taken that the warrant was in fact issued in the wrong name, or signed by the wrong person. It undoubtodly went in the wrong name. The rent appears to have been assigned before it accrued, and the warrant should in strictness have been in the name or under the authority of the assignees to whom the rent passed, and have been so expressed. They had more than a mere equitable title. However, the warrant was signed with Palmer's name, by one of the assignees; and had the form of the signature or the actual authority under which it issued been called in question, they might have sustained the proceeding by more formal documents or other evidence.

Some objections of a more plausible character remain; but I think they are unavailable for the plaintiffs. The lease was in itself void, as being a parol one for four years. But the plaintiffs actually entered and enjoyed for one year. The entry and enjoyment would alone [ *484 ] have made them liable for use and occupation, and the parol agreement would have shown the amount to be recovered. It has also often been held, that under such circumstances, the lease is in effect but for one year, or from year to year, according to the time of enjoyment. It follows that the parol agreement, though void as a lease, may yet be resorted to as evidence to make the rent for the year certain, and thus confer a right of distress on the landlord. *Schuyler* v. *Leggett*, 2 *Cowen*, 260. *The People* v. *Rickert*, 8 *id.* 226. The case of *Prindle* v. *Anderson*, 19 *Wendell*, 391, does not at all conflict with those in my reports. On the contrary, *Schuyler* v. *Leggett* is expressly recognized. The course of proof by such cases is the obvious one of making out an oral lease for a year by circumstantial testimony.

No doubt there is a variance between the notice and proof in respect to the time of payment, which would have been fatal within the principle of *Bristow* v. *Wright*, *Doug.* 665. The notice relies on rent payable quarterly, while the proof leaves it, in effect, payable at the end of the current year. No stipulation to pay quarterly was shown. The variance, however, as remarked by the learned judge, not operating prejudicially to the plaintiffs, might, as it was, be properly disregarded. It presented a case proper for amendment. *See the authorities referred to in Weed* v. *The Saratoga and Schenectady R. R. Co.*, 19 *Wendell*, 541, *to* 543. The variance supposed to exist between the notice of special matter and the affidavit, the for-

mer asserting a lease for one and the latter for four years, might, if necessary, be obviated on the same principle.

New trial denied.