HERBERT H. GIBBS, APPELLANT VS. WILLIAM D. DAVIS, APPELLEE.

CORPORATIONS, Liabilty of Stockholders in, Remedy against stock-holders to enforce statutory liability.

1. Under the provision of section 20, p. 232 McClellan's Digest, stockholders in corporations are liable, upon a dissolution of the company, for the debts thereof to an amount equal to the amount in par value of the stock held by them at the time of such dissolution.

2. The dissolution of the company is a condition precedent that must appear before the creditor can enforce this statutory liability by suit against the shareholder under the provisions of said section 20.

3. It is not necessary that this dissolution, in the sense in which the term is used in the statute, shall be first established by legisla-tive enactment or by judicial proceedings before the company's creditors can proceed directly against the stockholders to en-force their statutory liability for the company s debts. It is

sufficient, in order that a suit shall lie, for the declaration to state "that the corporation was dissolved" on or about a date therein named.

4. Such dissolution in the sense in which the term is used in the statute, takes place when the corporation comes into the condition of having debts and no assets, and has ceased to act and execrcise its corporate functions, or has suffered acts to be done which end the object for which it was created.

5. The facts and circumstances relied upon as constituting such dissolution are matters of evidence, and need not be set forth in the pleadings.

6. The liability of the shareholder for the company's debts, as imposed by section 20, p. 232 McClellan's Digest, is assumed by the stockholder by the act of subscription for stock, and is therefore a liability arising *ex contractu*, and upon a dissolution of the company, a creditor thereof can enforce such liability by suit directly against the shareholder without joining the company in the suit, and without first exhausting his remedy at law against the company.

7. Sections 20 and 40, pp. 232, 236 McClellan's Digest, compared and construed: *Held*, That there is no conflict between them and that section 20 is not superseded by section 40. That it was the intention of the legislature thereby to give to creditors of corporations plain and ample remedies for the enforcement of their claims under differing circumstances and conditions.

8. A single creditor of a corporation can, by a suit at law, enforce his own claim alone against any single shareholder of a corporation upon a dissolution of the company to the amount in par value of the shares held by such person at the time of the dissolution, without resort to a court of equity, and without suing on behalf of himself and all other creditors of the company, and without joining all the stockholders of the company as parties defendant.

9. Under the provisions of section 40, p. 236, McClellan's Digest, where a creditor of a corporation has recovered judgment against the company as such, and no property or effects of the company can be found whereon to levy the same, the judgment creditor may then, upon motion to the court after notice, obtain execution directly against the shareholders to the amount in par value of the stock by them held, without having named them individually as parties defendant in the suit, wherein the judgment was recovered: *Held,* That this is an additional summary remedy afforded to the creditors of corporations, and that it does not supersede the remedy provided by section 20, p. 232 McClellan's Digest.

10. A plea by a defendant who has been personally served with process in a common law action, "that he does not reside in the county where the suit is brought, and that the cause of action did not arise or accrue in such county" is bad, because it does not affirmatively disclose the name of some other county in this state in which alone he claims the privilege of being sued, and such plea is properly overruled upon demurrer.

11. Chapter 3729, laws, approved May 31st, 1887, examined: *Held,* That it changes the liability of stockholders in corporations so as to limit such liability to the amount that remains unpaid upon their subscriptions, but that said act does not affect rights and liabilities that accrued prior to its enactment.

Appeal from the Circuit Court for Volusia county.

The facts of the case are stated in the opinion of the court.

*Hamlin* and *Stewart* for Appellant.

*C. P.* and *J. C. Cooper* for Appellee.

The first question lying at the root of this cause is,

whether or not a stockholder is liable at all in this State for the debts of the corporation. At common law of course the stockholder was not individually liable for any debt of the corporation.

The statute under which plaintiffs insists that defendant is liable for the debt of this company, which he, plaintiff, claims due him. is found in section 20, on page 232 of McClellan's Digest, which is section 27 of Chapter 1639, Laws of Florida, Acts of 1868. We say in reply that this statute does not by its terms create any liability of stockholders to creditors.

The language of this section does not say the stockholder shall be *liable* for any *debt*, and it does not mention the creditor, it simply provides that suits may be brought equal to the amount of par value of stock held by each, &c.

This is a statute in derogation of the common law and is to be strictly construed, any liability of the stockholder for debts of the company is a new liability, created a purely by the statute and must be unequivocally expressed in the statute.

There is nothing in this statute that authorizes a suit *by a creditor* against a stockholder to recover some single debt due to such single creditor, or authorizes *suit by a creditor at all.* Dwarris on Statutes, 564, 565; 1 Kent, 434; Terry vs. Little, 101, U. S. 217; 9 Cush., 192; 46 N. Y., 119; 77 N. Y., 1; 40 N. J., Law, 52; 71 Pa. St., 293; 83 Pa. St., 75-78.

If, however, this language is construed as making stockholders liable to creditors we say it is superseded by section 40, page 236 of McClellan's Digest, which is section 9 of Chapter 3165, Laws of Florida, Acts of 1879, which provides, "if any execution shall have been issued against the property or effects of any corporation, and if these cannot be found whereon to levy, then such execution may be issued against any of the stockholders an extent equal in amount to the amount of stock by him owned, together with any amount unpaid thereon, &c."

Section 27, page 240, of McClellan's Digest, continues all corporations in existence for three years after dissolution, for purpose of suit, then this section 40, gives a right of *execution* against stockholders, *after judgment and execution* unsatisfied against the corporation.

These two sections give a remedy which takes the place of and supersedes any alleged right to sue the stockholder directly claimed to be contained in section 20.

A statute giving a different remedy and intended to be a substitute for another and previous statute must be construed to repeal the former statute, without any express words of repeal.   15 Cal., 294; 22 Wis., 234; 21 Texas, 734.

If both of these statutes are held to be in force then we say they should be construed together as being in

*pari materio* and no suit can be brought against a stockholder by a creditor of the corporation upon a debt due from the corporation to such creditor, until such creditor has brought his suit against the corporation, obtained his judgment and execution and returned it unsatisfied.

The corporation is kept in existence for three years after dissolution for this very purpose of suits by and against the corporation. 67 Mo., 685 ; 4 Fla., 445 ; 6 Fla., 3.

This liability of the individual stockholder, if any exists, is a secondary liability, the corporation being *primary* liable. The debt is created by the corporation, the corporation gets the benefit of the proceeds or subject matter of the debt, and in fact the creditor treats with and relies upon the corporation.

As an additional security to the creditor, if the company cannot and does not pay him, the creditor is given a remedy against the individual stockholder.

Certainly if the creditor brings his suit within *three years after the alleged dissolution*, he should be required to sue the corporation and obtain judgment and return of *nulla bona*, before taking action against the stockholder, this is the clear result of these three sections construed together.

In this case the alleged creditor sues the individual stockholder within six months after *such* alleged dis-

solution, without ever having taken any action against the corporation, this we say he cannot legally do.

In most of the States by statutes it is a condition precedent to suing a stockholder that the creditor shall first exhaust his remedy against the corporation, and even where there is no such provision it is clearly implied from the character of stockholders' liability and the intention of the parties. 2 Morawitz on Corrations, sec. 883 ; McCaren et al. vs. Francieus, 43 Missouri, 465 ; 67 Missouri, 685 ; 17 Ohio St., 95 ; 7 Oregon, 335.

The language in Bush vs. Cartwright, 7 Oregon, 385. is peculiarly strong as to reason of this doctrine. "The contract being made with the corporation, there is no privity of contract between creditor and stockholders. A stockholder is not presumed to be familiar with the dealings of the corporation. A demand might be presented to him for payment which had already been paid, or against which the corporation is entitled to credits or offsets. And if an action at law can be maintained by a creditor against a stockholder in the first instance, he may be subjected to the cost and expense of several actions at once by different creditors of the corporation." Also, Lane vs. Morris, 16 Ga., 217 ; Danch vs. Brown, 24 V., 209 ; 4 Allen, 239 ; 89 N. Y., 336, 338.

In all of these cases except New York there is no specific statutory requirement of judgment and execu-

tion against the corporation but it is held to be necessary from the nature of the liability.

The statutes of Missouri are both almost identical in terms with ours, and this exhaustion of remedy is held necessary in that State as in this. 43 Mo., 685 ; 67 Mo., 685 ; 55 Mo., 418.

See also on this subject: 40 Pa. St., 117 ; 47 Id., 651 ; 52 Id., 377 ; 55 Mo., 418 ; 6 Jones Eq. (N. C.), 345 ; 37 Mich., 184.

Even in many of these cases that hold the liability to be a primary one, it is declared to be suspended until the creditor has exhausted his remedy against the corporation. 57 Barb., 487 ; 10 N. Y., 459 ; 64 N. Y., 176 ; 77 N. Y., 33 ; 2 Wall., 22.

For discussion of this point and citation of authorities on both sides, see 43 Am. Dec., Freeland vs. Mc-Cullough & notes, p. 700 ; 49 Am. Dec., 309, notes.

The case cited in Morawetz on Corporations, sec. 884, note 2, do not sustain the doctrine that mere dissolution of corporations excuses judgment and execution, before suit against stockholder, particularly under statutes like ours that continue the * corporation in existence for *suit for three years after dissolution*. These were cases of judicial determination of bankruptcy of corporation or receivership.

While 118 Mass., 532, 14 Han., 505, declare voluntary bankruptcy no excuse.

The case of Flash vs. Cown, 109 U. S., 371, was a case

where the corporation had been adjudged a bankrupt by United States District Court of New York and all property sold out there under this of course obviated necessity of judgment and execution against company, and in this entire case the United States Supreme Court base all of their rulings on the New York Decisions, as the construction of a New York statute was involved, but in case at bar we have a statute of our own here to be construed for first time.

This case is not considered or passed on in Flash vs. Co., 16 Fla., 453.

This case and the opinion of the court, when carefully examined, will be found to involve but one point, viz : Whether or not the liability of the stockholder under the New York statute involved is a penalty or a contract, and therefore whether suit on same can be sustained in any State other than that of New York where corporation was organized. The whole decision is on a New York statute upon the New York decisions, and in that case it is said ''a surety may sometimes demand that legal remedies shall be first exhausted against his principal before he shall be compelled to pay, but this is because the surety is already bound, and not because the liability is not fixed by his contract, that is operative already and dependent upon nothing but its own condition. The stockholder is a surety of the company of which he is a member, and his liability as a surety is a part of the contract entered into by becoming a member of the company. They are originally liable and the remedy upon this liability (by

decision of the New York courts) may be enforced *after the creditor has exhausted his efforts to collect from the company.*"

The next objection that we raise to this action is, that a *suit at law* will not lie in this State under our statutes by a single creditor for himself against a single stockholder to collect a debt due from the corporation of which such stockholder is a member to such creditor, but the creditors' remedy, after exhausting the property of the corporation, is to obtain execution against the stockholder under the statute, or *by a bill in equity* for himself *and all other creditors* against all stockholders in the jurisdiction of the court. This is the doctrine laid down from an early period by the courts of Massachusetts and followed in the majority of the States, and is strongly and clearly expressed by Chief-Justice Brickell of Supreme Court of Alabama, "Smith vs. Huckabel," 53 Ala., 195, in following language : "When the Legislature imposed on the members of the corporation, in the event of its dissolution, a personal liability for corporate debts to the extent of their stock, it was a mere increase of the security for such debts. It was not intended to exempt from or diminish the liability of the fund which a *Court of Equity* regarded as pledged to the payment of corporate debts. To this fund was *super*-added the personal liability of the members and whatever should be realized therefrom. The personal liability of a stockholder to the extent of his stock, created by the statute, *is for all the debts of the corporation.* It does not depend

on or spring out of contract with any or all of the creditors of the corporation, or with the corporation. The statute enjoins upon him the duty to pay for the *satisfaction of all* corporate debts a sum equal to the amount of his stock. The duty is owing to all creditors, and not to any particular creditor. This being the nature and character of the liability, no single creditor can be permitted to appropriate it to his satisfaction, to the exclusion of other creditors, who are equal in right and in equity to him.

A remedy to enforce the liability cannot be pursued at law. *There is no legal remedy,* in which all creditors can unite, and in which judgment could be pronounced, awarding to each the exact measure of his rights."

Then follows in the opinion a statement of the practical difficulties, and not only inconveniences, but actual wrongs, resulting from permitting any one creditor to sue a single stockholder all of which address themselves to the serious consideration of this court. This opinion is of peculiar value on this point because it comes from the Supreme Court of a State where the distinctions between remedies at law and in equity are closely observed as in our State, and the jurisdictions are kept entirely separate and apart, while in all the States where an action at law is permitted in these cases, a code of procedure is in force which blends the two forms of action. The statute here passed on is one creating a several liability of a distinct amount, and yet this ruling is that a Court of

Equity alone is competent to adjust all the varied interests arising out of this liability of the stockholder.

The reasoning of the following cases is equally strong and entitled to just respect. 23 Pick, 112, 114, 115; Terry vs. Little, 101 U. S., 216.

(The reasoning of this case is in language almost identical with that of Smith vs. Huckabel, 53 Ala., 191). 93 U. S., 228, 232; 17 Ohio St., 86, 95; 57 Ala., 598; 30 Minn., 173; 94 Ill., 76; 100 Ill., 226; 39 Ohio St., 543; 82 Ind.; 457; Peck vs. Miller, 39 Mich., 594; 62 Wis., 590.

Seven Oregon 337 and 14 Wis., 700, are two cases particularly strong on this point, declaring the evils that would result from permitting an action at law. So also, 20 Wall, 525; 25 Minn., 543; 34 Arkansas, 328, and cases cited in note to Freeland vs. McCullough, 43 Am. Decs., 702.

The distinction attempted to be drawn in Flash vs. Cowen, 109, U. S., 380, between statutes making stockholders liable *in proportion to the stock*, and those making them liable to amount of their stock, does not seem to us to meet the objections to suits at law on this liability presented in 53 Ala,, and the other cases above cited, and Flash vs. Conn simply follows the New York decisions as they were passing on a New York statute, few authorities on the point seem to have been cited or examined by that court, and we submit that it does not determine the question for this court.

During the three years following the dissolution of

a corporation, the remedy against the stockholder is pointed out by the statute, to-wit:   A suit against the corporation, execution returned unsatisfied, and then execution on motion and notice against the stockholder, this is the remedy pointed out by the statutes, taken together, creating this individual liability of the stockholder, and this remedy alone can be pursued. 16 Ind., 384; 25 Minn., 543; 46 N. Y. 119; 52 Pa. St., 377; 20 Wall, 527.

Another serious objection to the declaration is that it does not aver *facts* which show that the corporation was dissolved to such an extent as to justify a suit by a creditor against a stockholder, it simply alleges that on a certain day mentioned the company was dissolved, this is a legal conclusion, not a statement of fact or facts.

One N. Y. case, 24 Wend., 473, did permit the allegation that the company "was dissolved in fact," as sufficient allegation, but with all due respect we submit even that is bad pleading.

Pleadings should state facts, and although many facts are understood to be stated in the brief of appellant's attorneys which are improperly attempted to be gotten before the court, as to present condition of the corporation, etc., yet none appear in the declaration.

With all due deference to counsel, we deny that by the decisions of the State of Missouri having similar statute to ours the facts alleged in the brief constitute a dissolution.   65 Missouri, 279; 41 Missouri, 563; 57 Mo., 446.

The Iowa courts hold "by avering *facts* constituting dissolution," an action may be maintained. 5 Iowa, 367; 1 Chitty on Pleading, 214; 7 Ala., 161; 20 Wend., 57; 7 Conn., 92; 6 Missouri, 201.

In this declaration plaintiff sues Sanford and Davis jointly for a claim of nearly $700.00, whereas Davis' stock only amounted to $500.00 according to allegations of declaration, either this liability is several and suit should be dismissed as to one or the other of these defendants, or if the latter part of sec. 20 indicates by the language, "and it any number of stockholders (defendants in the case,) &c.," providing for the division of the liability, that any number of stockholders may be joined in this suit, then no court but a court of equity can divide up the judgment so as to give judgment against each stockholder only for amount he is liable. Terry vs. Little, 101 U. S., 216.

We think defendants plea to the declaration showing that the declaration did not aver that the cause of action accrued in Volusia county, or that defendant resided in Volusia county, and in fact that neither was true, was a sufficient answer to the declaration and that on demurrer to that plea, judgment final should have been entered for the defendant.

For the various reasons herein set forth, we submit that plaintiff's declaration shows no cause of action which may be maintained in this suit and judgment of

court below on the demurrer for defendant was proper and should be confirmed.

TAYLOR, J. :

Herbert H. Gibbs, on the 23rd of April, 1886, instituted his suit at law in the Circuit Court of Volusia county, in the Seventh Circuit, against H. S. Sanford and William D. Davis, as stockholders in "The Florida Journal Company," a corporation, to recover the sum of $700 alleged to be due upon a written contract entered into by and in the name of the said corporation, on the 19th of March, 1885.

The declaration, filed May 2d, 1887, alleges that the defendants, Sanford and Davis, are stockholders in said company; Sanford to the amount of $2,500; and Davis to the amount of $500; that said company was duly organized and incorporated in accordance with the general act of incorporation of Florida, as contained in Chapter 34 of McClellan's Digest; that said company first incorporated under the name of the "Putnam County Journal Association," but afterwards changed its name to "The Florida Journal Company;" that under and within the terms of the written contract, attached as a part of said declaration, made by said company in its corporate name, there is due and owing to the plaintiff $700 that has never been paid; that the said corporation *was dissolved* on or about the 3rd day of August, 1887, leaving the said indebtedness to the plaintiff still due and

unpaid; that the defendants, Sanford and Davis, were stockholders as aforesaid, and to the respective amounts aforesaid at the time of its dissolution, and became then and are now liable to the plaintiff for said indebtedness due to him from said company to the amount of stock then owned by them respectively in said corporation.

The summons issued in the cause having been returned *non est inventus* as to the defendant, H. S. Sanford, the plaintiff, or his attorneys, on June 7th, 1886, filed with the clerk the request in the words following: "You will note of record the non-service of the summons *ad respondendum* on H. S. Sanford, defendant herein."

The defendant, Davis, interposed eight pleas, but for the purposes of this decision we deem it unnecessary to notice any of them particularly, except the seventh, which is as follows: "And for a seventh plea, defendant says, that as a stockholder in the Putnam County Journal Association, under the laws of Florida defendant is not liable to or indebted to plaintiff in any amount, no judgment or execution having been obtained by plaintiff against said company and levied upon its property, or returned showing that said company had no property out of which said judgment could be made." To this seventh plea, as well as to the 1st, 2d, 3d, 4th and 5th, the plaintiff demurred. Upon this demurrer the court below rendered the following judgment: "The demurrer to the defendant's pleas having been argued by counsel for plaintiff and de-

fendant, and the court being advised, it is ordered that the demurrer to first and second pleas be sustained, and the demurrer to the remaining pleas is overruled, the court holding that the plaintiff's amended declaration is bad in law because there had been no judgment and execution against the corporation before action brought against the defendant stockholders; and it is adjudged that the plaintiff take nothing by his suit, and the defendant go without a day." From this judgment the plaintiff appeals to this court.

The issue presented involves a construction of section 27, Chapter 1639, Laws of Florida, approved August 8th, 1868, (section 20, p. 232, McClellan's Digest,) and of section 9, Chapter 3165, Laws, approved March 11th, 1879, (section 40, p. 236, McClellan's Digest). It may be well to observe that section 9 of Chapter 3165, acts of 1879, was originally included as section 22 in Chapter 1639, acts of 1868, and was repealed by Chapter 2016, act of February 12th, 1874, but was re-enacted in 1879 as section 9 of Chapter 3165.

The learned counsel for the defendant contends: 1st. That no suit can be maintained by a creditor of a corporation against an individual stockholder thereof without first exhausting his remedy against the corporation itself. 2d. That under this statute stockholders are not liable at all in this State for the debts of the corporation. 3d. That section 27 of Chapter 1639, Laws of 1868, (section 20, p. 232, McClellan's Digest,) that reads as follows (its proviso omitted): "If any

company formed under this chapter is dissolved, leaving debts unpaid, suits may be brought against any person or persons who were stockholders at the time of such dissolution, without joining the company in such suit, to an amount equal only to the amount in par value of the stock held by such person or persons, the collection to be made from the property of each stockholder respectively; and if any number of stockholders (defendants in the case) shall not have property enough to satisfy his or their portion of the execution, then the amount of deficiency shall be divided equally among all the remaining stockholders, and collection made accordingly, deducting from the amount a sum in proportion to the amount of stock owned by the plaintiff at the time the company was dissolved," is superseded by section 9 of Chapter 3165, acts of 1879, (section 40, p. 236, McClellan's Digest,) that reads as follows: "If any execution shall have been issued against the property or effects of any corporation, and if these cannot be found whereon to levy, then such execution may be issued against any of the stockholders to an extent equal in amount to the amount of stock by him owned, together with any amount unpaid thereon: *Provided*, That no execution shall issue against any stockholder except upon the order of the court in which the action, suit or other proceedings, shall have been brought or instituted, made upon motion in open court, after good and sufficient notice in writing to the

person upon whom execution is desired, and upon such motion the court may order execution to issue accordingly. 4th. That a suit at law will not lie in this State under our statutes by a single creditor of a corporation for himself alone against a single stockholder of such corporation, but that the remedy, if any, is by bill in equity, on behalf of himself and all other creditors of the company, against all of its stockholders. 5th. That the bare assertion in the declaration " that the corporation was dissolved," is not sufficient to enable the plaintiff to sue under the provisions of section 27, Chapter 1639, but that the declaration should have stated in detail the facts relied upon as constituting such dissolution in contemplation of law.

After careful consideration of the two sections of our statute above referred to in the light of the decisions of other States having provisions of law similar to our own, particularly the conclusions of the courts of the State of Missouri, whose statute on this subject is almost a duplicate of the Florida statute, we do not agree with these contentions of the counsel for the defence.

That a stockholder in a corporation organized under this law of Florida is liable for the debts of such corporation to an extent equal to the amount in par value of the stock held by such person, there can be no doubt. Though there is no language in the statute *in haec verba* declaring the liability of the stockholder for the debts of the company, yet to hold otherwise would

leave the legislative enactment contained in section 27, Chapter 1639, in the awkward attitude of permitting suits to be brought, and judgments and executions to be recovered against persons who were not liable for the debts sued for; and would further seriously indict the sanity of the law-making power, in its enactment of section 9, of Chapter 3165, for permitting executions to issue summarily against a stockholder, without any previous formal suit against him, for the enforcement of a judgment recovered against the corporation, where none of its property or effects can be found wherewith to satisfy same, without any liability on his part for such judgment or the debt it represents.

By the act of subscription for stock the stockholder assumes these provisions of the law creating his liability for the debts of the company as part of the contract of subscription. Before resort can be had to the stockholder to enforce this liability, under these provisions of the statute, one of two conditions precedent must appear:

1st. By the provisions of section 27, Chapter 1639, (section 20, p. 232, McClellan's Digest,) there must appear a dissolution of the company, leaving debts unpaid.

2d. By the provisions of section 9, Chapter 3165, (section 40, p. 236, McClellan's Digest,) where there has been judgment recovered against the company, it must be shown that no property or effects of the com-

pany can be found whereon to levy the execution sufficient to satisfy the same, before resort can be had to the stockholder.

In the latter case, no formal suit is necessary against the stockholder to establish his liability, but execution issues against him on motion to the court rendering the judgment, after notice, directly from the judgment against the company to the amount of stock by him owned. From these two distinct and separate provisions of our statute, the one, upon the dissolution of the company, allowing the stockholder to be sued for the company's debts *without joining the company* in the suit; and the other permitting execution to issue against the stockholder to enforce a judgment against the company in which the stockholder was not individually named as a party, we are led to the conclusion that it is the intention of the statute to treat the stockholders of corporations, as they really are, as part and parcel of the corporation itself, and to make them primarily and severally liable to the extent of their stock for the debts of the company.

We can discover no inconsistency or conflict in the provisions of these two sections of the statute. They were both, as before stated, originally incorporated in the act of August 8th, 1868, and seem to have been designed to give to the creditors of corporations, whose creation is rendered so simple and easy by the statute, a plain and ample remedy for the recovery of their

claims, no matter what may be the status of the organization as such. In the one case where there has been no dissolution, but the company still maintains its status as a corporation so that its proper officials can be found to respond in the company's name to suits for its debts, then its creditors must sue the company in its corporate capacity and name before assailing the shareholders, but in such case, if no property of the company can be found whereon to levy the execution, then the creditor has the additional and summary remedy of resorting with his execution to the property of the shareholders.

· In the other case where there has been a dissolution of the organization, when the organization itself has disbanded and disappeared and cannot be found, then the creditor under this statute is permitted to resort by suit directly against the stockholder without joining the defunct company.

It is contended for the defendant in this case that before resort can be had upon him as a shareholder for a debt of the company, that the dissolution of the corporation must first be declared and established either by legislative enactment or by the judgment or decree of some court. The decided weight of authorities is against this view of the question, and the proposition may now be said to be settled, that where the statute makes the dissolution of the corporation a condition precedent to the enforcement of the share-

holder's liability, the dissolution, in the sense in which the term is here used, takes place when the corporation comes into a condition of having debts and no assets, and has ceased to act and exercise its corporate functions, or has suffered acts to be done which end the object for which it was created. Cook on Stock and Stockholders, sec. 219; Chesapeake & Ohio Canal Co. v. Baltimore & Ohio R. R. Co.; 4 Gill & Johnson, (Md.) 121. In this case the court says: "A private corporation aggregate may be *dissolved*, by the death of all of its members, or by the loss of an integral part, whereby it is rendered unable to do any corporate act, or to restore itself by a new election; or a corporation may be dissolved by a surrender to the government of its franchise, or by an act of the legislature repealing the act of incorporation, with the assent of the corporation; or it may be dissolved by a forfeiture of its charter, through abuse or neglect of its franchises, as for condition broken, there being a tacit condition in every such grant, that the corporation shall act up to the end of its institution.   *   *   * Where there is no corporate body in existence; as where it has been *dissolved* by the loss of an integral part, or by surrender, etc., it would be not only useless but absurd, to go into a court of law, to obtain a judgment of dissolution." *Lex neminen cogit ad vana seu inutilia peragenda.* To the same effect are Slee vs. Bloom, 19 Johnson, 474; Briggs vs. Penniman, 8

Cowen, 390; Cary vs. The Cincinnati & Chicago R. R. Co., 5 Iowa, 364; Perry et al. vs. Turner et al., 55 Mo., 421; Cen. Ag. & Mech. Asso. v. Ala. Gold Life Ins. Co., 70 Ala., 120.

It is contended further that the bare allegation in the declaration "that this company has been dissolved" is not sufficient, but that the facts relied on as constituting the dissolution should have been stated in detail. We think the allegation of the declaration in this respect is sufficient. It states the leading fact, that there has been a dissolution, and this is all that is necessary. The detail of circumstances that go to establish a state of dissolution are matters of evidence that need not be pleaded. Overmeyer *et al.* vs. Cannon, 82 Ind., 458 ; Bank of Poughkeepsie vs. Ibbotson, 24 Wendell, 479.

It is further contended, and the court below based its ruling upon the plaintiff's demurrer to the defendant's plea upon this view, that under these statutes no suit can be maintained by a creditor of a corporation against an individual stockholder thereof without first exhausting his remedy against the corporation itself. We do not consent to this proposition. The clear intention of the Legislature in its enactment of section 27, Chapter 1639, (section 20, p. 232, McClellan's Digest,) giving to the words thereof their plain ordinary meaning, was to give to the creditors of corporations organized under that act, the right, whenever such cor-

poration arrived at a state of dissolution, to proceed by suit directly against the stockholder or stockholders of the company for the recovery of their claims, to the amount in par value of the stock held at the time of such dissolution by such person or persons, and this without joining the company by its corporate name as a party in the suit. There is nothing in the statute that requires an exhaustion in such cases of the creditor's remedies against the corporation as a condition precedent to their right to proceed by suit to enforce the statutory liability of the stockholder. The only condition precedent required by the statute to be shown in the dissolution of the corporation; when this is shown the liability of the shareholder directly to the creditor to the amount of his stock becomes absolute. In this view we are sustained by the authorities cited above.

And lastly, it is contended that a suit at law will not lie in this State under this statute by a single creditor of a corporation for himself alone, against a single stockholder thereof, but that the remedy, if any, is by bill in equity on behalf of himself and all other creditors of the company against all of its stockholders.

Though it appears from the record in this case that H. S. Sanford was originally joined with William D. Davis as a defendant in this suit, yet no services upon him has ever been perfected, and the suit has practically been discontinued as to him by noting the fact of non-service according to the provisions of the stat-

ute, (section 19, p. 814, McClellan's Digest,) and the case as presented by the record is, to all intents and purposes that of a single creditor (Herbert H. Gibbs) of a corporation for himself alone suing for a debt alleged to be due by such corporation.

While the Supreme Court of Missouri in Perry *et al.* vs. Turner *et al.*, *supra*, has held that if the suit is brought against more than one stockholder it must necessarily be by proceedings in equity, yet we are not called upon in this case to consider the question as to whether the suit should be at law or in equity where there is more than one shareholder sought to be recovered against, we do not, therefore, pass upon that phase of the question. The case presented to us is that of a single creditor suing at law for his own claim alone to enforce the liability of a single shareholder. As before stated this statutory liability of the shareholder is *ex contractu*, and we see nothing in the statue to prevent its enforcement in a case like this by an action at law.

Although no allusion has been made in any of the briefs or arguments of counsel for the appellant or appellee in this case to the provisions of Chapter 3729, Laws of Florida, approved May 31st, 1887, which seems to change the liability of stockholders in corporations, and to limit such liability to the amount that remains unpaid upon their subscriptions, and that repeals all former laws conflicting therewith; yet we deem it proper to refer to said act only for the purpose of saying that

the conclusions we have reached in this case are based entirely upon the interpretations we have put upon the provisions of said sections 20 and 40, pp. 232 and 236, McClellan's Digest. And that, so far as the same are disclosed by the record here, the rights and liabilities of the parties in this case are to be determined upon the provisions of law in force prior to the enactment of the said Chapter 3729, approved May 31st, 1887, the latter law having been passed subsequently to the transactions involved in this suit.

There remains but one other question presented by the record that we deem it necessary to pass upon, and that is the ruling of the court below upon the plaintiff's demurrer to the second plea of the defendant, which plea is as follows: "For a second plea said defendant says that he is not now, and never was, a resident of the county of Volusia, nor has any cause of action against him, as alleged in plaintiff's declaration, accrued in said county of Volusia, and the above named court has no jurisdiction in the premises, and defendant prays judgment if said suit shall not abate against him for want of jurisdiction." To this plea the plaintiff demurred, and upon the argument the court sustained the demurrer. Upon the authority of Russ, Administrator, vs. Mitchell, 11 Fla., 80, we think the ruling of the court below upon the demurrer to this plea was proper. The issue attempted to be presented by this plea of the defendant, under the construction given by this court in the case last above cited, to the provision of the statute contained in sec-

tion 5, p. 811, McClellan's Digest, is not properly one as to the jurisdiction of the court as at common law, but is a question of privilege, the privilege under the statute to be sued in some other county of this State than the one in which the action is brought. To avail himself properly of this privilege, so as to divest the court of its jurisdiction over him that it had acquired by the personal service upon him of its process, it was necessary for the defendant by his plea to disclose some other county in this State in which he resided, and in which, under the statute, he had the privilege to be sued, than the one in which the suit was brought. Failing to do this, we think the court below was correct in sustaining the demurrer to said plea.

It follows from the views here expressed that the judgment of the court below overruling the plaintiff's demurrer to the defendant's pleas, and dismissing the defendant without day, must be reversed; and it is ordered with directions for such further proceedings in said cause as shall be consonant with the views and opinions herein expressed.