PEARSON, TILLMAN, Chief Judge.
This is an interlocutory appeal from an order of the Circuit Court of Dade County which dismissed plaintiff-appellants’ complaint for improper venue.[1] During the hearing on defendants’ motion to dismiss, it was brought to the attention of the trial judge by defendants’ attorney that the complaint showed the cause of action arose in Broward County; the return of service indicated that defendants were served in Broward County; and the defendants were residents of Broward County. A statement of the residence of defendants was not included in the record, nor was an affidavit filed in support thereof. Thus, it does not affirmatively appear on the record that the defendants were residents of Broward County. The Supreme Court of this State in the case of Gibbs v. Davis, 27 Fla. 531, 8 So. 633, has held that in order for a defendant to avail himself of the privilege to be sued in some other county than the one in which the action was brought, it was necessary for defendant by his plea to disclose some other county in the State in which he resided and in which he had the privilege to be sued. Accord, Permenter v. Bank of Green Cove Springs, Fla.App.1962, 136 So.2d 377.
Since the record contains no information as to the residence of defendants below, the order dismissing the complaint is reversed and the cause is remanded for further proceedings not in conflict with the views expressed herein.
Reversed and remanded.

. § 46.01, Fla.Stat., F.S.A.
“Where suits may be begun. — Suits shall be begun only in the county (or if the suit is in the justice of the peace court in the justice’s district) where the defendant resides, or where the cause of action accrued, or where the property in litigation is located.