# Reeves *v.* Skipper.

*Trespass against Sheriff and Attaching Creditors, by Purchaser from Defendant in Attachment.*

1. *Relationship of parties to sale as evidence of fraud; charge as to.* In a case involving the validity of a sale of goods by an insolvent debtor, a charge instructing the jury that, "when the transaction is between relatives, the law requires clearer and more convincing proof of its *bona fides* than when it is between persons who are not related to each other," does not invade the province of the jury, and is not otherwise erroneous. (COLEMAN and McCLELLAN, JJ., dissenting.)

2. *Sale of goods by insolvent debtor; proof of payment by purchaser.* When the sale of his stock of goods by an insolvent debtor is attacked by his creditors as fraudulent, and the evidence satisfies the jury that he made the sale with the intent to hinder, delay or defraud his creditors, and that the purchaser is chargeable with knowledge of that intent, the payment of an adequate consideration by him does not protect him; but, if he had no knowledge of the debtor's fraudulent intent, and is not chargeable with constructive notice of it, and he proves the payment in cash of an adequate consideration, he is not required to go further and prove his ability to make the purchase, or the source from which he obtained the money for that purpose, though proof of his inability may tend to impeach the payment.

3. *Charges too favorable to appellant*, though asserting an incorrect legal proposition, are not ground of reversal.

4. *Issue on defective plea.*—When issue is joined, without objection, on a defective plea, the defendant has the right to introduce evidence in support of it, and to ask instructions based on that evidence.

5. *Lost receipt, as ground for new trial.*—A lost receipt, since found, is not good ground for a new trial (Code, § 2871), when the party was allowed on the trial to prove its contents by secondary evidence.

APPEAL from the Circuit Court of Henry.

Tried before the Hon. JESSE M. CARMICHAEL.

This action was brought by Isaac L. Reeves against A. B. Skipper and others, to recover damages for an alleged trespass,

[Reeves v. Skipper.]

which was the levy by said Skipper, as sheriff, of several attachments against Sims & Reeves, a late mercantile partnership, on a stock of goods which plaintiff claimed to have purchased from them prior to the levy; and the several attaching creditors were also joined as defendants. The sheriff justified under the attachments, alleging that the goods were the property of Sims & Reeves, and were subject to the levy; and all of the defendants joined in the plea of not guilty, and in several special pleas which attacked the validity of plaintiff's purchase, on the ground of fraud. One of said special pleas was in these words: "That plaintiff, at the time he is alleged to have purchased the property which is the subject of this action, neither had any means with which he could make said purchase, nor any source from which he could obtain the same." The record does not show any demurrer to this plea, and the judgment-entry only recites a trial on issue joined.

The plaintiff claimed to have purchased the goods, about two weeks before the levy, for $1,427.19 in hand paid, "which was twenty per cent. less than their inventory value;" and he proved the payment by one Granberry, who wrote the receipt, and saw the money paid, but did not count it. The receipt was not produced on the trial, having been lost or mislaid at the time, but Granberry and plaintiff each testified as to its contents. It was afterwards found, and was made the basis of a motion for a new trial, which was overruled. The receipt was dated October 24th, 1887, signed by Sims & Reeves, and acknowledged the payment of $1,427.19, "in full settlement for our entire stock of mdse." The attachments were levied on the goods on the 5th November, 1887, while in the storehouse in which Sims & Reeves had carried on their business. The defendants proved that the plaintiff was a brother of J. Ivey Reeves, one of the firm of Sims & Reeves; and they adduced evidence tending to show that Sims & Reeves were insolvent at the time of the alleged sale, and that plaintiff had knowledge of their financial condition; while the plaintiff, testifying in his own behalf, denied that he had any knowledge or notice of their condition.

The court gave a charge to the jury *ex mero motu.* to which the plaintiff excepted, and which is set out in the opinion of this court; and he also excepted to the following charges, which were given on request of the defendants: (1.) "If the jury believe from the evidence that Sims & Reeves were insolvent, and sold their stock of goods to plaintiff with the intention to hinder, delay or defraud their creditors, and that plaintiff had notice of such intention; then the burden is on plaintiff to reasonably satisfy the jury that he actually paid a

[Reeves v. Skipper.]

real, adequate consideration, and there should be clear proof of his means to make such purchase, or some source from which he could have obtained said means." (2.) "Unless the plaintiff has shown to the reasonable satisfaction cf the jury that he had the means by which he could have purchased the goods, or some source from which he could have obtained said means, their verdict should be for the defendant."

The charges given, and the overruling of the motion for a new trial, are the only matters assigned as error.

J. G. COWAN, and J. W. FOSTER, for appellant.

S. H. DENT, Jr., contra.

COLEMAN, J.—The action was in trespass to recover damages for the alleged wrongful levy of an attachment upon a stock of goods claimed to be the property of plaintiff. The trial resulted in a verdict for the defendants. The attachment was sued out by creditors of Sims & Reeves, upon debts existing at the time of the sale of the goods and merchandise to plaintiff. The evidence showed that plaintiff was a brother of the Reeves of the firm of Sims & Reeves, the vendors. The court of its own motion charged the jury, among other things, "that the law requires clearer and more convincing proof of its *bona fides*, when the transaction is between relatives, than when it is between persons who are not related to each other." An exception was reserved by the plaintiff to the giving of this charge.

In the following authorities, and there are others not cited, it has been stated that "fuller and more convincing proof is required in cases where the transaction is between relatives, than would be required if the parties were strangers:" *Calhoun v. Hannon*, 87 Ala. 285; *Pollak v. Searcy*, 84 Ala. 263; *Jordan v. McIlwain*, 82 Ala. 247; *Moog v. Farley*, 79 Ala. 252; *Lipscomb v. McClellan*, 73 Ala. 159; *Marx Bros. v. Lienkauff & Strauss*, 93 Ala. 453. Under the influence of this principle, the majority of the court hold that the charge was properly given.

A minority of the court are of opinion, that when the principle is thus formulated into a charge to the jury, it gives to the "fact" of relationship a legal weight not consistent with the purposes intended by permitting proof of the fact of relationship; and such a charge is also a clear invasion of the right of the jury to determine what weight shall be given to any proven fact, and their exclusive right to draw all legal inferences from proven facts. The earlier cases held that relation-

[Reeves v. Skipper.]

ship was a badge of fraud; but experience demonstrated that the rule was too harsh, and in many instances destroyed the validity of contracts which were free from fraud. Still it was recognized that it was an easy matter for parties related to each other, "to feign a consideration for the transfer of property, or to fabricate evidence of its payment;" and to prevent the success of fraudulent conveyances, it was held proper to admit evidence of the fact of the relationship of the parties—not that this fact was to be considered as a badge of fraud, or was available to shift the burden of proof, or imposed any additional burdens upon the parties, but that it was a circumstance in the case, to be considered by the jury in weighing the evidence, "dependent more or less for its value upon the degree of relationship and its connection with other circumstances which throw light upon and give color to the transaction." The writer thinks this is the legitimate operation of the "fact of relationship," and in accord with the rule stated in the following cases: *Young v. Dumas*, 39 Ala. 60; *Barnard v. Davis*, 54 Ala. 565; *Hubbard v. Allen*, 59 Ala. 297; *Moog v. Farley*, 79 Ala. 251; Bump on Fraud. Con. 56; *Harrell v. Mitchell*, 61 Ala. 279.

The juries are the exclusive judges of the weight of the evidence. The court pronounces the conclusions of law upon proven facts. When the court therefore instructs the jury, that if the fact of relationship be proven, the law requires clearer and more conclusive proof than if this fact had not been proven, this is a conclusion of law fixed and determined as to the weight to be given to this fact, and it no longer remains a fact to be weighed by the jury like other facts, and accorded such weight as they see proper to give it. It no longer is dependent for its value upon its connection with other facts, but in and of itself raises a presumption in law, which can not be overcome except by clearer and more convincing proof, than if the fact had not been proven. What more would be required, if such fact was held to be a badge of fraud? As was said in *Stix & Co. v. Keith*, 85 Ala. 471, the law declares rules for aiding juries in weighing, but never weighs parol testimony; citing 1 Greenl. Ev., § 10, note *aa*, and 1 Whart. Ev., 2d Ed., § 417. The correctness of the rule of law, as declared in 85 Ala., *supra*, is conceded by the court. Now, if the jury are the exclusive judges of the weight to be given to the evidence, a charge which substantially instructs them that, although the evidence may reasonably satisfy them of the *bona fides* of the transaction, yet, if relationship is proven as a fact, then, as a matter of law, they must not permit the evidence to produce this degree of conviction in their

[Reeves v. Skipper.]

minds, unless it is clearer and more convincing than would be necessary "if the fact" of relationship had not been proved, gives to the fact of relationship undue prominence and a controlling influence upon the other facts of the case. Such an instruction fetters the free judgment of the jury, and infringes upon their peculiar and exclusive province to weigh this fact. See 1 Whart. on Ev., § 417, *supra*. If such an instruction was applied to any other fact introduced in evidence, the charge would be condemned; and if not condemned when applied to the fact of relationship, it must be because this fact is not to be weighed by the jury like other facts, but comes to the jury weighed by the law. It seems to me that a charge would be confused, inconsistent, and calculated to bewilder a jury, which instructed them in effect that, if relationship be proven, the law requires clearer and more convincing proof than if this fact had not been proven, yet, being the exclusive judges of the weight to be given to the facts in evidence, the jury is at liberty, if it see proper, to disregard this rule of law, and attach to this fact no importance. I can not see how the two propositions can stand together, or how a jury would construe such a charge. To my mind it is inconsistent with charge No. 1, given in the case of *Smith v. Collins*, present term, where the court holds that a charge is not erroneous, which declares that the "jury are the sole judges of what weight shall be given to the relationship of the parties in determining the questions involved in the case."

Cases might arise in which the rule should have no weight; as where the relationship is very distant, or where the proof shows that, although related, the parties did not know it, or that there had been no previous social or business intercourse with each other, or they were in fact at variance with each other at the time of the transaction. Is the jury to be instructed as a rule of law, under such circumstances, that relationship having been proven, the law requires that clearer and more convincing proof of the *bona fides* of the transaction be made than if relationship had not been proven? Is not the better and true rule that declared in those authorities which hold that the fact of "relationship is a circumstance to be considered by the jury in weighing the whole evidence of the case, and which is dependent for its value upon the degree of relationship and its connection with other circumstances which throw light upon and give color to the transaction." Since the courts have repudiated the doctrine that relationship is a badge of fraud, and hold that no presumptions of unfairness arise from this fact, this is the legitimate and full purpose intended by permitting the fact of relationship to be proven as evidence.

The first charge given for the defendants is objectionable, but the objection is not available to appellant, as it is too favorable to him. If the jury were satisfied that Sims & Reeves sold their stock of goods to I. L. Reeves with the actual intent to defraud their creditors, and I. L. Reeves knew of this intent, and with this knowledge bought the goods for a present cash consideration, the transaction was fraudulent, and would not be relieved in law of its vitiating character by any proof that I. L. Reeves might offer as to his ability to make the purchase, or the source from whence he obtained the money. The charge asserted, in effect, that although the transaction was fraudulent, if the purchaser clearly showed he was able to make the purchase, that proof would relieve the transaction of its fraudulent character.

The second charge given at the request of the defendant asserts an incorrect proposition of law, but in giving it the court was not in error for the reason hereafter given. If the jury was otherwise satisfied that plaintiff paid for the goods with his own money, he was not required to further satisfy the jury of the source from which he obtained the means. It is not a canon or rule of law, that when creditors *attack the bona fides* of a sale of goods by the debtor, that the purchaser, in addition to the fact of payment, must also reasonably satisfy the jury as to his means or source of means to make the purchase. The rule is, that if the payment, or its *bona fides*, is questioned—a matter controverted—the inability of the purchaser to show that he had the means, or any source from whence he could obtain the means, tends to discredit the evidence offered to show the payment of an actual and adequate consideration, and the *bona fides* of the transaction. If, however, the jury are satisfied that payment in good faith was actually made, it is not incumbent on the purchaser to go further and also satisfy them as to his means and resources. The statement in the case of *Harrell v. Smith*, 61 Ala. 276, embodied in this charge, was used by the court in argument upon the facts, and the inability of the purchaser in that case to show that he had means with which to make the purchase was stated as a reason why the court should not credit other testimony in the case, tending to show the payment of an adequate consideration.

In criticising charge 2 we have not overlooked the fact that the charge is based upon a plea upon which issue was joined. Issue having been joined upon the plea, although demurrable, the defendant had the right to introduce evidence in support of his plea, and to ask for an instruction upon the evidence adduced in support of it. There was no error in giving the charge.

[Highland Avenue & Belt Railroad Co. v. Dusenberry.]

If the suit in this case had been by the vendor against the purchaser, to recover the purchase-money for the goods, the fact that the receipt was lost or mislaid at the time of the trial would have furnished grounds for a new trial, under section 2871 of the Code; but, in a suit by the creditors of the vendor, attacking the *bona fides* of the conveyance, the case is not covered by the statute. The court permitted parol proof of the contents of the receipt. If the receipt had been produced in court, and it had specified in terms that the money was paid for goods, it would have been permissible to have shown by parol that, in fact and in truth, notes and accounts entered into the consideration. We can not see from any thing in the record that the court erred in overruling the motion for a new trial.

It is the opinion of the court that the judgment of the lower court should be affirmed.

McClellan, J., concurs with the writer.

Affirmed.