VIOLET JONES *et al.*, PLAINTIFFS IN ERROR, VS. J. R. SHOMAKER, DEFENDANT IN ERROR.

1. Where a devisee accepts the provisions of the will and goes into the possession of the land devised to her, by permission of the executor, and upon the understanding that the land will be surrendered when needed to pay debts, and such relation is never repudiated, such possession is not adverse in point of fact.

2. The title of a devisee is derived from the will and does not vest until the testator's death.

3. A creditor who elects to accept a devise of real estate in a will in satisfaction of his claim, and thereby comes in under the will, has no rights superior to creditors of the estate. By accepting the devise in satisfaction of his debt he must be regarded as doing so under the rule that all just demands against the estate must be paid as directed by statute before he can have any distribution under the will.

4. This court has ruled that if the parties go to trial on an immaterial issue tendered by plea, the defendant has the right to have the trial court to charge the jury and submit to them such issue; but it has not held that final judgment should be entered upon the finding on such issue. Where a trial is had upon an entirely immaterial issue, not determining the rights of the parties, the court can not know for whom to give judgment. In such a case judment *non obstante veredicto* or repleader, should be awarded, and if this is not done, and judgment be entered upon the verdict, the appellate court will reverse the judgment, though it may not direct a judgment of repleader.

Writ of error to the Circuit Court for Jackson county.

The facts in the case are stated in the opinion of the court.

*Kehoe & Wilson*, for Plaintiffs in Error.

*Francis B. Carter*, for Defendant in Error.

(Mr. Justice CARTER, being disqualified in this case, took no part in the consideration thereof.)

MABRY, J.:

Defendant in error sued plaintiffs in error in eject- ment for the possession of certain described lands sit- uated in Jackson county, and obtained judgment. The trial was before a referee.

Defendants below filed the general issue and a plea on equitable grounds, alleging in substance that the lands sued for belonged in his lifetime to one Cullen Curl who died in February, 1880; that for many years prior to Curl's death defendant Violet Jones had been a domestic servant in his house and rendered services for him commencing in 1865 and continuing until his death in 1880, and that Curl had never compensated her for said services, but it had always been the agreement and understanding between them that he would make provision for her in his last will and testament for said services, and she agreed to accept the same in satisfac- tion thereof; that before the death of Curl they had a reckoning and computation of what was due for said services when the amount of five hundred dollars was agreed on, and also that the value of the lands sued for and certain personal property was about sixty dollars less than the amount agreed on as due for said services, and thereupon it was mutually agreed between them that Curl should devise by his will said lands and per- sonal property and sixty dollars in money to Violet for her lifetime and remainder in fee to her two children, Sherman and Florence; that Curl afterwards made his will and therein bequeathed to defendants the property

as agreed upon, the lands bequeathed being the same as described in the declaration, and after the death of Curl the executor and executrix of his will turned over and delivered to defendant Violet Jones the said lands, and she accepted the same in full satisfaction of the amount due for her services aforesaid, and has ever since been in possession thereof claiming her life estate and the remainder in fee for said children, and has made no claim against the estate for said services.

It is further alleged that the estate of Curl owned more than twelve hundred acres of land besides those involved in the suit, and personal property of more than five thousand dollars in value, and that a legacy of five hundred dollars had been paid by the executor of the estate; that plaintiff was the purchaser of the lands sued for at execution sale against the estate of Cullen Curl, deceased, and is also an execution creditor upon an execution obtained after the death of Curl against his executors on a contract made by him in his lifetime.

A demurrer to the plea on equitable grounds was overruled and issue joined on both pleas.

Defendant in error, plaintiff below, purchased the lands in question at sheriff's sale under an execution against the executor and executrix of the will of Cullen Curl, deceased. Curl died in 1880, and the judgment under which the lands were sold was rendered in May, 1885, upon an obligation assumed by the testator in his lifetime. The principal of the judgment was something in excess of thirty-four hundred dollars, and a considerable body of land in addition to that sued for was sold under the execution as the property of Curl's estate. It appears from the proof that a legacy of $500 was paid by the executor, but nothing further is shown as to the extent or value of the estate real or personal. By statute in this State real estate in the hands of an executor

or administrator is made liable with personal property
to levy and sale under execution upon any judgment
against the executor or administrator, and no question
is presented in this case as to the regularity of the sale
proceedings under which defendant in error purchased
the lands in dispute.

The first and third paragraphs of Curl's will read
as follows: "First, it is my will that all my just debts
be paid." "Third, I give and bequeath to my faithful
servant, Violet Jones, sixty dollars in money and the
tract of land known as the Baker place, it being the
same purchased by me from Beverly Baker (the metes
and bounds of which the deed therefor will more specif-
ically show), together with the cattle I have on that
place, about nine or ten head, to have and to hold the
same during her natural life, and at her death to go to
her two children Sherman and Florence in fee simple,
share and share alike." The Baker place embraces the
land purchased at the execution sale.

The chief contention for plaintiffs in error is that
Violet Jones was more than an ordinary legatee under
the will of Curl; that she was a purchaser for value and
as such is entitled to hold the lands bequeathed to her
as against the defendant in error who was an execution
creditor and purchaser under a judgment against the
executors named in Curl's will. In pursuance of this
theory they interposed the plea on equitable grounds
and undertook to sustain it at the trial. Before we sub-
mit our conclusion on this phase of the case we will dis-
pose of the further contention that plaintiffs in error
were entitled to judgment on the ground of an adverse
possession of the lands for a period within the bar of the
statute of limitations.

The referee was authorized to conclude from the
evidence that Violet Jones went into possession of the

land by permission of the executor soon after Curl's death, and that she continued to remain in possession until the trial of this action. Curl died in 1880, the judgment against the executors, under which the lands were sold, was obtained in 1885, and the sale under execution took place in June, 1893, three months before the institution of the suit, and more than seven years after Violet Jones went into possession of the land. Whether adverse possession, if fully established by proof, can be relied on under the conditions stated to defeat an execution purchaser, we find it unnecessary to determine. The referee could have found that the possession of Violet Jones was not adverse, and such a finding on the evidence before him could not, consistently with the rule on the subject, be reversed by us. We must assume, in view of the conclusion reached, that the referee so found and have therefore examined the evidence with reference to the correctness of such a conclusion. The executor testified that he put Violet Jones in possession of the lands under a written contract of lease for the year 1881, with the understanding that if the land was needed to pay debts it would be surrendered. The lease contract was put in evidence, signed by Violet Jones and other parties. She denies that she made such a contract, or even knowingly signed it. One of the subscribing witnesses had no distinct recollection about his witnessing such a paper, but a second one fully sustains the executor that the parties did execute the contract. There is conflict of evidence on this point, but when considered as an entirety, it is of such a character as to place it beyond our provence to say the referee erred in the conclusion that the possession of Violet Jones and those holding under her was not adverse. That she accepted the provisions of the will and by permission of the executors went into possession of

the land bequeathed to her, may be affirmed on the proofs; but if, as is clearly testified by the executor, such possession was taken with the understanding that the land should be surrendered when needed to pay debts, and this relation was never repudiated, there was no adverse possession in point of fact.

Proceeding upon the theory of defense set up in the equitable plea allowed in the case, defendants below proved that Violet Jones was for many years before Curl's death a domestic servant in his house, and that he had never paid her for her services. They proposed to prove that Curl said he would pay Violet for the services rendered him by a provision in his will giving her the Baker place and cattle thereon, and sixty dollars in money for life, and to her children after her death; that a short time before his death they had a settlement of the amount due her for her services, when five hundred dollars was agreed on as due, and also that the value of the land (Baker place), and cattle thereon was about sixty dollars less than the said amount; that it was then mutually and verbally agreed between them that Curl should devise said land, cattle and money in his last will and testament to Violet for her life and to her children, Sherman and Florence, after her death, and that she agreed to accept the same in full satisfaction of the amount due for her services.

The proposed testimony was excluded on plaintiff's objection that parol evidence is not admissible to vary, alter or contradict the will, or enlarge the estate thereby created, or to show the intention of the testator in making it. To what extent parol or extrinsic evidence is permissible to show the intention of a testator in providing a legacy for his creditor, has given rise to much judicial discussion. Without deciding, but conceding, that the referee in disposing of the case improperly re-

jected the proposed testimony under the equitable plea permitted to stand, it does not result that the judgment rendered should be reversed. The defence relied on under this phase of the case is that Violet Jones as devisee in Curl's will has a better right to the land than an execution creditor and purchaser under a judgment against the executors. It is not insisted that she could successfully interpose such a claim if she were a mere gratuitous devisee; but her supposed superior right is based upon the ground that she is a *bona fide* purchaser of the land. In her behalf the principle is invoked that when a creditor accepts a legacy in a will in satisfaction of a valid subsisting debt he is entitled to priority of payment over all ordinary legatees. It will be observed that Violet Jones is not in a contest with legatees named in the will under which she claims, but with an execution creditor and purchaser of her testator's estate. She claims as devisee, and as such her title is derived from the will and did not vest until the testator's death. Goodman v. Winter, 64 Ala. 410, S. C. 38 Am. Rep. 13. Our statutes provide how valid claims of creditors and charges against an estate shall be paid, and legatees and distributees, as a rule, are postponed to all such demands. We are of the opinion that a creditor who elects to accept a provision in a will in satisfaction of his claim, and thereby comes in under the will, has no rights superior to the creditors of the estate. Commonwealth v. Cochran, 146 Pa. St. 223, 23 Atl. Rep. 203. By accepting the provision in satisfaction of his claim, a creditor must be regarded as doing so under the rule that all just demands against the estate must be paid as directed by statute before he can have any distribution under the will. A widow having dower rights superior to creditors can not, it seems, claim under the will in lieu of dower as against creditors of the testator. She

must make her election and claim under the statute or will and when she comes in under the latter her rights will be subordinate to creditors. Steele v. Steele, 64 Ala. 438, S. C. 38 Am. Rep. 15; Brant's Will, 40 Mo. 266; 2 Scribner on Dower (2nd ed.), Chapter 17, §59. An ordinary creditor's claim is not entitled to the consideration of a dower right superior to all creditors. The result is that the entire defense sought to be interposed by defendants below under the special plea is not available, and the plea should have been ruled out by the referee. He, however, sustained the plea and excluded evidence which, for the purposes of this case, we have conceded should have been admitted under the plea. What would have been the result if the referee had considered the proposed testimony and found thereon in favor of defendants below? It is the ruling of this court that if the parties go to trial on immaterial or irrelevant issues it is error for the court to withdraw such issues from the consideration of the jury. Hood v. French, 37 Fla. 117, 19 South. Rep. 165; Clyde Steamship Co. v. Burrows, 36 Fla. 121, 18 South. Rep. 349. Following the rule stated by the Alabama court (Reeves v. Skipper, 94 Ala. 407, 10 South. Rep. 309; Dundee Mortgage & Trust Inv. Co. v. Nixon, 95 Ala. 318, 10 South. Rep. 311), we hold that if issue be joined upon an immaterial plea and evidence sustains it, the defendant will have a right to have the court to charge the jury upon such plea. The Alabama court goes further, it seems, (Winter v. Pool, 100 Ala. 503, 14 South. Rep. 411), and holds that final judgment should be entered upon the finding on such a plea. Our court has not gone to this extent. Where a trial is had upon an entirely immaterial issue not determining the rights of the parties in the litigation, the court can not know for whom to give judgment. In such a case a judgment *non obstante vere-*

*dicto*, or repleader, should be awarded; and if this is not done and judgment is entered upon the verdict on the immaterial issue, the appellate court should reverse the judgment, though it may not direct a ·judgment of repleader. This course is indicated in the decisions of Hyer v. Vaughn, 18 Fla. 647, and Huling v. Florida Savings Bank, 19 Fla. 695, text 708. It was the settled rule in the English common law that the appellate court for the correction of error would not pass over the defect of a judgment on an entirely immaterial issue not settling the rights of the parties, but would reverse the judgment, though it seems it would not direct a repleader. Gwynne v. Burnell, (H. L.) 6 Bingham's N. C. 453 (37 Eng. Com. Law); Baird v. Mattox, 1 Call (Va.) 226. In the present case the referee should not have entered judgment for the defendants below even though he should have found for them solely under the special plea. This being so, the appellate court should not reverse the judgment because of the rejection of evidence in support of a plea that interposed no material defense to the action.

The judgment rendered should be affirmed, and it is so ordered.