# Sanders *v.* Newton.

*Bill in Equity to compel Specific Performance of
Contract.*

1. *Conditional sale; effect of waiver of right to retake property.*
   Where a conditional sale of personal property is made, the
   seller retaining the title, the retention of the legal title to the
   property so sold is for the protection and benefit of the
   seller, and can be waived by him; and when upon default in
   the payment of the purchase price, the seller retakes posses-
   sion of the property sold, he is thereby completely and irre-
   vocably deprived of the right to enforce payment of the debt.

2. *Specific performance of contract; conveyance of land cannot
   be enforced when debt is otherwise paid.*—Where, in the sale
   of machinery at the stipulated price, there is a contract en-
   tered into between the seller and the purchaser to convey
   certain lands in part payment of the purchase price of said
   machinery, and that the balance should be secured by notes
   executed by the purchaser in which it is recited that the
   seller retains the title to the machinery until the purchase
   price is paid, if upon default of payment, the purchaser takes
   possession of the machinery the value of which together
   with partial payments theretofore made, was equal to the
   purchase price, and the seller was thereby saved his entire
   debt, he cannot subsequently by bill in equity have the con-
   tract to convey the land for a part of the purchase price spe-
   cifically enforced.

[Sanders v. Newton.]

APPEAL from the Chancery Court of Genevá.

Heard before the Hon. W. L. PARKS.

The bill in this case was filed by the appellant against the appellees, and sought to have specifically performed a contract alleged to have been entered into between the complainants and the defendants. The facts of the case, so far as is necessary to an understanding of the decision on the present appeal, are sufficietly stated in the opinion.

On the final submission of the cause, upon the pleadings and proof, the Chancellor decreed that the complainants were not entitled to the relief prayed for, and ordered the bill dismissed. From this decree the complainants appeal and assign the rendition thereof as error.

ESPY & FARMER, for appellant.—The rule is well established that if a respondent in a chancery suit could sue the complainant on the contract in a court of law, and recover against him, a chancery court will reform or enforce such contract in favor of the complainant. If either party to a bill in chancery court can sue the other in a court of law, and recover damages for the breach of the contract sought to be enforced, equity will decree the specific performance of the contract.—*Kent v. Dean,* 128 Ala. 600; *Comer v. Bankhead,* 70 Ala. 493.

MULKEY & CARMICHAEL, *contra.*—Where on the sale and delivery of personal property on credit, and the title is retained by the vendor until payment, the vendor, upon the non-compliance with the conditions of sale by the vendee, may either retake the property, or may treat the sale as absolute and bring an action for the price; but an assertion of either right is an abandonment of the other.—*Bishop v. Minderhout,* 128 Ala. 162; *Dean v. Kent,* 128 Ala. 600.

TYSON, J.—The bill in this cause is filed to enforce the specific performance of an alleged contract to convey land and incidentally to enjoin the enforcement of a judgment in an action of ejectment in which the land

and damages for its detention were recovered by the respondent, Mrs. Newton.

The facts necessary to a decision of the cause, stating them most favorable to the complainants, are these: The complainants sold to George Newton, husband of the respondent, Mary E. Newton, certain machinery at and for the price of $400.00. Two hundred dollars of this sum was to be paid by a conveyance of the land in controversy which belonged to Mrs. Newton. The balance was to be secured by notes to be executed by the purchaser, George Newton, in which complainants were to retain the title to the machinery sold.

The notes were executed and the complainants, upon default of payment, took possession of the machinery as they had a right to do, and certain other machinery purchased by George Newton and used in connection with that he had purchased from them, after receiving several small payments upon the notes. It is shown, and that without dispute, that the market value of the machinery at the time the complainants took possession of it was $400.00, being the amount of the purchase price, which added to the payments received by them on the notes, more than repaid the purchase money after allowing interest thereon.

On these facts, it is clear that a case is presented where a complainant has been reimbursed his entire debt, and yet seeks to have a contract to convey land for a part of the purchase price specifically enforced. To do so would certainly operate harshly and oppressively upon the respondent, Mrs. Newton. To deprive her of her land and also the machinery would in effect permit the complainants to have both without any benefit whatever accruing to her. It is of no consequence, as we will show, that the circumstance of repossessing the machinery by complainants occurred subsequently to entering into the contract. They were under no legal stress to do so. Indeed, it was their own voluntary act. The retention of the legal title to the machinery was for their benefit and protection and they could have waived it had they chosen to do so.—*Tanner & DeLaney Engine Company v. Hall*, 89 Ala. 628. But having asserted it, their

act in doing so completely and irrevocably deprives them of the right to enforce the payment of the debt.—6 Am. & Eng. Ency. Law (2d ed.), 480. Having no debt enforceable in a court of law, it may be that no damage could have been recovered in an action at law for a breach of the contract here sought to be enforced.—*Kent v. Dean,* 128 Ala. 600.

But aside and apart from this consideration, the subsequent occurring event of resorting to and enforcing the right to take possession of the property deprived the complainants of their right, if it ever existed, of having the alleged contract specifically enforced by a court of equity.

"Not only must the agreement be fair and reasonable in its terms and its surrounding circumstances, it is also a well-settled doctrine that its specific execution must not be oppressive—that is, the performance must not be a great hardship to the parties. * * * The oppressive nature of the performance may result from the situation or relations of the parties exterior to and unconnected with the terms of the contract itself or the circumstances of its conclusion. The oppression and hardship, therefore, which fall within the scope of the doctrine may result from the unequal, unconscionable provisions of the contract itself, or from external facts, events or circumstances which control or affect the situation and relations of the defendant with respect to the performance. In either case the resulting hardship may constitute a sufficient ground for a court of equity to withhold its peculiar relief and to leave the plaintiff to his legal remedy."—Pomeroy on Contracts-Specific Performance, § 185. See also 26 Am. & Eng. Encyc. Law (2d ed.), 69, and notes. The facts of this case clearly bring it within this principle. Conceding that this matter is purely defensive and must be set up in the answer, it was sufficiently pleaded in this case.

In conclusion, we wish to say that we are not to be understood as intimating that the contract alleged was capable of being specifically enforced, had the complainants not exercised their right to retake the property. The decree dismissing the bill must be affirmed.

Affirmed.