AMERICAN PROCESS COMPANY, A CORPORATION, *Plaintiff in Error,* v. FLORIDA WHITE PRESSED BRICK COMPANY, A CORPORATION; *Defendant*

1. Where the sufficiency of a plea to the merits is not questioned and issue is joined thereon, if such plea is proven without contradiction it is not error for the court to direct a verdict thereon for the defendant. The proper judgment to be entered upon the verdict is for the determination of the court.

2. The mere possession of personal property is only *prima facie* evidence of title; and a purchaser of personal property from one who has only the possession of the property

under an incomplete conditional sale cannot in general defeat a recovery by the true owner, although such purchaser bought for value and without notice.

3. Where property is sold on credit and the title thereto reserved by the vendor, upon a breach of the conditions of the sale the vendor may either treat the sale as absolute and sue for the price thereof, or he may treat the sale as cancelled and recover the property; but the vendor cannot pursue both courses, and the election to pursue either one of two inconsistent remedies operates in law as an abandonment or waiver of the other.

4. Whether co-existent remedies are inconsistent is to be determined by a consideration of the relation of the parties with reference to the right sought to be enforced as asserted in the pleadings.

5. Where machinery is consigned by A. to the order of H. who is engaged in the business of furnishing and installing such machinery in manufacturing plants on the lands of others, and there is nothing to indicate that the title has been reserved by the consignor who knew the machinery was to be installed for another party and to become permanently affixed to its land, and gave no notice to such party of the reservation of the title, he cannot recover the property from the party for whom it was installed, and who paid value for it without notice of the conditional sale, particularly where after merely filing a praecipe in the action for conversion, A. instituted proceedings for the balance due on the price against the party to whom A. sold the property and received part payment of the price in such proceedings.

This case was decided by the court En Banc.

Writ of Error to the Circuit Court for Duval County.

The facts in the case are stated in the opinion of the court.

*John E. Hartridge,* for plaintiff in error;

*Bisbee & Bedell,* for defendant in error.

WHITFIELD, J.—Action was begun in the Circuit Court for Duval County on February 10th, 1906, by the American Process Company filing a praecipe for summons against the Florida White Pressed Brick Company. On March 5th, 1906, a declaration was filed charging that "the defendant converted to its own use, or wrongfully deprived the plaintiff of the use and possession of the plaintiff's goods, that is to say one No. 4225 direct heat dryer," &c. of the value of $1000.00. Plaintiff claimed $2000.00 damages.

One of the pleas of the defendant filed on October 21st, 1907, was "That heretofore, to-wit: on the fourteenth day of February, A. D. 1906, the plaintiff in the District Court of the United States for the Southern District of New York interposed a claim against the bankrupt estate of the H. Huennekes Company for or on account of the purchase price of the identical property mentioned in the declaration, that thereafter on to-wit, the 21st day of March, 1907, the said claim was allowed in whole or in part as a valid claim against said bankrupt estate, and thereafter, one or more dividends from said bankrupt estate were paid to and received by the plaintiff on account of said claim. And that the said Huennekes Company installed said property in defendant's Plant under contract with defendant."

Issue was joined on all the pleas filed by the defendant. At the trial the court gave the following instruction: "In this case a plea has been filed to the effect that the plaintiff filed its claim in bankruptcy against The Huennekes Company, which company sold the property mentioned in the declaration to the defendant, and that the claim so filed in the bankruptcy proceedings has been adjudicated in favor of plaintiff, and that plaintiff has been paid certain sums on account of its judgment against The Huennekes Company. This plea has been proven by

uncontradicted evidence. The court, therefore, instructs you to find your verdict for the defendant;" which was excepted to. The jury returned a verdict of not guilty and judgment was entered for the defendant. The plaintiff took writ of error, and among the errors assigned is the giving of the charge above quoted.

The plaintiff did not question the sufficiency of the plea above set out, but joined issue, on it, thereby admitting its sufficiency if proven to be true.

As the plea was proven without contradiction the charge complained of was not erroneous. See Jones v. Shomaker, 41 Fla. 232, 26 South. Rep. 191. Even though the charge be correct the judgment may not be correct if the plea is frivolous. The judgment is not assigned as error, but its correctness with reference to the plea will be considered.

It was agreed "that the goods mentioned in the declaration were shipped by the plaintiff, American Process Company, about June 23rd, 1905, from New York, consigned to H. Huennekes Company, care of Florida White Pressed Brick Company, Jacksonville, Florida, by Bill of Lading, a copy whereof is hereto attached, with instructions to notify Florida White Pressed Brick Company of the arrival of the goods at destination; that said goods were received about July 23rd, 1905, at Jacksonville, Florida, and defendant Florida White Pressed Brick Company was notified of said arrival by the railroad company and said goods were installed by Huennekes Company as a part of the brick-making plant then under construction in Duval County, Florida, near Jacksonville by said Huennekes Company for said Florida White Pressed Brick Company, and were delivered by said H. Huennekes Company to said Florida White Pressed Brick Company as a part of said brick making plant, and have ever since been and are still in the pos-

session of the said Florida White Pressed Brick Company."

The bill of lading shows the goods were shipped to the order of, H. Huennekes Co. care Fla. White Pressed Brick Co. H. Huennekes Co. was engaged in the business of supplying and installing such machinery.

The evidence discloses that H. Huennekes Company was adjudged a bankrupt, and that in the bankruptcy proceedings the American Process Company presented its claim against H. Huennekes Company for a balance due "upon the original agreement" with complainant for the price of the property involved here. Complainant also received dividends on said claim in the bankruptcy matter. There is no evidence that the Florida White Pressed Brick Company was advised of a conditional sale of the property to H. Huennekes Company who installed it under contract with defendant in its brick plant. The defendant paid H. Huennekes Company for it, without knowledge of the terms of the sale by the plaintiff.

The mere possession of personal property is only *prima facie* evidence of title; and a purchaser of personal property from one who has only the possession of the property under an incomplete conditional sale cannot in general defeat a recovery by the true owner, although such purchaser bought for value and without notice. See Campbell Printing Press & Manuf'g Co. v. Walker, 22 Fla. 412, 1 South. Rep. 59; Fairbanks, Morse & Co. v. Eureka Company, 67 Ala. 109; Marvin Safe Co. v. Norton, 48 N. J. L. 410, 7 Atl. Rep. 418.

But where an owner consigns personal property to a dealer in such goods with express or implied authority to sell, or delivers or consigns to another personal property with indicia of ownership, but with title reserved in the owner until the payment of the purchase price, a

## VOL. 56, JUNE TERM, 1908. 121

Amer. Process Co. v. Fla. White Press Brick Co.—Opinion of C.

purchaser, who pays value for such goods and gets possession thereof without notice of the terms or conditions of the original delivery, consignment or sale, obtains a good title as against the original owner, which will in general prevail against the latter's reserved title. See Bent v. Jerkins, 112 Ala. 485; 24 Am. & Eng. Ency. Law (2nd ed.) 1165; 1 Mechem on Sales, sections 157, 166.

Where one of two innocent parties must suffer through the act or negligence of a third person, the loss should fall upon the one who by his conduct created the circumstances which enabled the third party to perpetrate the wrong or cause the loss.

Where property is sold on credit and the title thereto retained by the vendor, upon a breach of the conditions of the sale the vendor may either treat the sale as absolute and sue for the price thereof, or he may treat the sale as cancelled and recover the property; but the vendor cannot pursue both courses, and the election to pursue either one of two inconsistent remedies may in law operate as an abandonment or a waiver of the other. The vendor may elect between inconsistent remedies but he may not pursue inconsistent remedies for the enforcement of his property rights.

Where an action is brought for the price of all the goods sold it is a concession that title has passed, and the vendor may not in general also prosecute an action for the recovery of all the same property upon the theory that the title thereto has not passed from him. The facts that the proceeding for the price was begun after the action to recover the property was instituted, and that in the proceeding for the price it is stated to be "without prejudice to the rights of action that the American Process Company has against the said Florida White Pressed Brick Company, by reason of the latter's failure

to return the machine after due demand or to pay to it the balance" claimed, do not alter the effect of the election by the complainant to pursue the remedy for the price and in receiving payments under the claim proceeding, which is that having elected to sue for the price upon the theory that title had passed to the vendee and having recovered part of such price, the vendor may not also sue for the recovery of the specific property upon the hypothesis that title remains in the vendor. See McBride v. Scott, 132 Mich. 176, 93 N. W. Rep. 243, 1 Am. & Eng. Ann. Cas. 61.

·If the allegations of facts necessary to support one remedy are substantially inconsistent with those necessary to support the other, then the adoption of one remedy waives the right to the other. A party will not be permitted to enforce wholly inconsistent demands respecting the same right. It is not permissible to both approbate and reprobate in asserting the same right in the courts. See Campbell v. Kauffman Milling Co., 42 Fla. 328, 29 South. Rep. 435; 9 Cyc. 261; Mosca Town Co. v. Wellington, 39 Colo. 326, 89 Pac. Rep. 783; Brady v. Cates, 44 Tex. Civ. App. 38, 97 S. W. Rep. 710; Bierce v. Hutchins, 205 U. S. 340, Sup. Ct. Rep. ;Doucette v. Baldwin, 194 Mass. 131, 80 N. E. Rep. 444; Palmer v. Goldberg, 128 Wis. 103, 107 N. W. Rep. 478; Watson v. Perkins, 88 Miss. 64, 40 South. Rep. 643; 9 Current Law 1037 *et seq.;* 7 Ency. Pl. & Pr., 362.

·Where the law affords several distinct but not inconsistent remedies for the enforcement of a right, the mere election or choice to pursue one of such remedies does not operate as a waiver of the right to pursue the other remedies. In order to operate as a waiver or estoppel the election must be between co-existent and inconsistent remedies. To determine whether co-existent remedies

are inconsistent the relation of the parties with reference to the right sought to be enforced as asserted by the pleadings should be considered. If more than one remedy exists, but they are not inconsistent, only a full satisfaction of the right asserted will estop the plaintiff from pursuing other consistent remedies. All consistent remedies may in general be pursued concurrently even to final adjudication; but the satisfaction of the claim by one remedy puts an end to the other remedies. If in fact or in law only one remedy exists and a mistaken remedy is pursued the proper remedy is not thereby waived. Where more than one remedy for the enforcement of a particular right actually exists, and such remedies considered with reference to the relation of the parties as asserted in the pleadings, are inconsistent, the pursuit of one with knowledge of the facts, is in law a waiver of the right to pursue the other inconsistent remedy. See Rowell v. Smith, 123 Wis. 510, 102 N. W. Rep. 1, 3 Am. & Eng. Ann. Cas. 773; Zimmerman v. Robinson & Co., 128 Iowa 72, 102 N. W. Rep. 814, 5 Am. & Eng. Ann. Cas. 960; Standard Sewing Mach. Co. v. Owings, 140 N. C. 503, 53 S. E. Rep. 345, 6 Am. & Eng. Ann. Cas. 211; Sanders v. Newton, 140 Ala. 335, 37 South. Rep. 340, 1 Am. & Eng. Ann. Cas. 267. Even where actions for the property or for the price of goods converted may be brought against one or more joint tort feasors, the election to sue for the price or for the property as against one is an election as against all. Consistent co-existent remedies may be pursued against one or more joint tort feasors, and inconsistent remedies may not be pursued against any of them.

In this case the plaintiff had its election to maintain its relation as owner of the property or to treat the title as having passed and to sue for the value or price thereof. Either remedy could have been adopted, but not both,

for the reason that to do so would assert inconsistent relations between the parties with reference to the property. The plaintiff pursued a remedy in the bankruptcy court for the price of the property, which necessarily conceded that the title to the property had passed from the plaintiff. Having done this with knowledge of its rights the plaintiff is in law held to have waived, or to be estopped from invoking, a remedy which, necessarily asserts title to the property in the plaintiff. The election to enforce the payment of the price in a proceeding which assumes the passing of title operates to estop the plaintiff from also claiming title to the property in the possession of the original vendee or purchasers from it who take title.

It appears that the praecipe in this proceeding was filed before the inconsistent claim was made in the bankruptcy proceeding; but the latter remedy was pursued with knowledge of the facts, and partial payments have been received and retained by the plaintiff in that inconsistent remedial proceeding. The plaintiff thereby waived its right to recover possession of the property upon the theory of retention of title and breach of condition under which possession was parted with.

The assertion in the bankruptcy court that the claim there made was subject to the right of the plaintiff to recover the property itself does not prevent such proceeding from operating in law as a waiver of the inconsistent remedy to recover possession of the property itself. See McBride v. Scott, *supra*.

Even if there had been a wrongful conversion of the property, the plaintiff having elected to invoke a remedy for the price thereof, it cannot be heard to claim the property itself. Whatever may be the liability of joint tort feasors, the only question here is the pursuit of inconsistent co-existent remedies and its effect upon the rights of the plaintiff who has parted with the possession

VOL. 56, JUNE TERM, 1908.          125

Amer. Process Co. v. Fla. White Press Brick Co.—Opinion of Court.

of its property and elected its remedy to recover not the property, but the agreed price thereof.

The conduct of the plaintiff in consigning the machinery to the order of H. Huennekes Company in care of the defendant with directions to notify defendant of the shipment, without any indication that the title was reserved, the consignee being engaged in furnishing such machinery to others, and the consignor knowing the particular machinery was to be installed in a brick-making plant attached to land of defendant and giving no notice of any character to the defendant of the conditions on which the machinery was sold to the H. Huennekes Company, operates in law to estop the plaintiff from asserting its title to the machinery in the possession of the defendant by purchase for value and without notice, particularly where the plaintiff after merely filing a praecipe in this action instituted proceeding in the bankruptcy matter to recover the price of the machinery and received and retained part payment of the price as the result of such proceeding.

The attempt of the plaintiff to make the proceeding to recover the price subject to the right to also recover the property from the defendant who was a purchaser for value and without notice from the original vendee who had possession and indicia of ownership, with nothing shown to contradict the indicia of ownership, does not affect the result the law attaches to the pursuit of inconsistent remedies by the plaintiff in one of which it concedes the passage of title from it and in the other it asserts title in itself.

The judgment with reference to the plea is correct and is affirmed.

SHACKLEFORD, C. J., and TAYLOR, HOCKER and PARKHILL, JJ., concur.

COCKRELL, J. (*concurring*).—I concur in the affirmance of this judgment but place it upon a narrower ground.

I am convinced that the court of original jurisdiction was not required to and did not in fact pass upon the sufficiency of the plea in point of law.

It is admitted here that if the affirmative charge for the defendant was properly given, the refusal of the requested instructions was proper, and no other errors are argued.

This court is firmly committed to the holding that when issue has been joined upon a plea and that plea is proven, the defendant is entitled to a peremptory charge, be the plea ever so frivolous. Hood v. French, 37 Fla. 117, 19 South. Rep. 165; Clyde Steamship Co. v. Burrows, 36 Fla. 121, 18 South. Rep. 349. It is worthy of notice here that the trial judge was necessarily familiar with both of the cited opinions, having been of counsel in the latter, and as circuit judge called to this court in lieu of a disqualified justice wrote the former opinion.

On this point the cited cases are in no wise affected by the decision in Jones v. Shomaker, 41 Fla. 232, 26 South. Rep. 191, where the former decisions are re-affirmed, but it was held that the court should set aside a judgment upon an immaterial issue. It is not here complained that the court refused to set aside a judgment, but that the court gave the affirmative charge.

In view of the stand taken by this court upon the cessation of the right of election in Campbell v. Kauffman Milling Co., 42 Fla. 328, 29 South. Rep. 435, it would not be consistent to hold that the plea tendered an immaterial issue; the plaintiff through its then attorney did not see fit to test the legal sufficiency of the plea by motion or demurrer, and for us now to enter critically into its discussion, it seems to me, trenches too

closely upon the exercise of original jurisdiction denied to this court by the constitution.