FLORIDA HOME INSURANCE COMPANY, *Appellant*, v. J. J. BOZEMAN, *Appellee*.

EQUITY PRACTICE—INCONSISTENT REMEDIES.

Where an insurance company as defendant to a bill in equity filed against it for reformation and correction of an alleged mistake in a policy of fire insurance issued by it interposes a plea to such bill alleging that the complainant had already instituted his suit at law upon such policy claiming recovery thereon in the form that the same was written and that such suit at law was still pending, and that complainant had thereby elected to stand upon said contract as written and was thereby forever precluded and estopped from maintaining a suit for reformation of such policy, such plea is properly overruled when it appears to the chancellor at the hearing thereof that the alleged suit at law by the complainant was not upon the policy as the same was written, but that such policy was declared upon in such suit at law in the form that such bill for reformation sought to make it bear. In such a case there is no inconsistency between the two remedies. The suit in equity for reformation being ancillary to and in aid of the suit at law upon the policy sought to be reformed.

This case was decided by Division B.

Appeal from the Circuit Court for Calhoun County.

The facts in the case are stated in the opinion of the court.

*Lidden & Carter,* for Appellant;

*Calhoun & Campbell,* for Appellee.

TAYLOR, J.—The appellee Bozeman as complainant below filed his bill in equity in the Circuit Court of Calhoun County against the appellant as defendant below alleging an existent mistake in a policy of fire insurance issued to him by the defendant company whereby $600 of the amount assured by such policy was therein by inadvertence and mistake placed upon store fixtures and furniture including one iron safe, when in fact it was intended by the insurer and the insured that said $600 should be placed upon and should cover the complainant's two story shingle roof building situated on the west side of Pear Street on Block 5 of Lot 9 in the town of Blountstown in said county of Calhoun, and said bill prayed a reformation of said insurance policy so as to correct such mistake, and for general relief. The defendant demurred to this bill for want of equity. This demurrer was overruled, whereupon the defendant filed a plea to the bill alleging that prior to the filing of said bill the complainant had instituted his suit at law in the Circuit Court of Calhoun County against defendant for recovery upon said policy as the same was written, and that said suit at law was still pending and progressing and has progressed to the extent that a demurrer to the declaration has been filed, argued and overruled, and

defendant has filed a plea denying liability of defendant upon such policy, and that by the institution of such suit at law complainant has elected to stand upon said contract as written, and is forever precluded, estopped and barred from maintaining this suit for reformation of such policy. At the hearing on this plea the declaration in such suit at law was exhibited to sustain the defendant's plea, and such declaration shows upon its face that the policy *as written* was not declared on therein, but the cause of action declared on therein is the policy of insurance as the same is by the bill herein sought to be corrected and reformed. At the hearing on such plea the same was overruled, and from this order the defendant company has taken this appeal, and assigns such order to be error.

There was no error here. The complainant did not in his suit at law declare upon the policy as the same was written, but declared upon it in the form that in his bill herein he claims it should have been written, and in the form that he seeks by his bill herein to make it bear.

In the case of Lansing v. Commercial Union Assurance Co., 4 Nebraska Unofficial 140, 93 N. W. Rep. 756, it was held in effect that there was no inconsistency between a pending action at law upon a contract and an ancillary suit in equity brought to correct or reform the contract sued on in the suit at law for mistake therein. 15 Cyc. 259. It would be best for the complainant in his bill to set forth his pending suit at law on the policy, and to pray therein that the prosecution of such suit at law be stayed until such reformation as was done in the Lansing case, *supra*.

In the case of American Process Co. v. Florida White Pressed Brick Co., 56 Fla. 116, 47 South. Rep. 942, it is held that: "Whether coexistent remedies are inconsistent is to be determined by a consideration of the relation of

the parties with reference to the right sought to be enforced as asserted in the pleadings."

We do not think that there is any inconsistency between the two suits under discussion, but on the contrary that they are perfectly consistent with each other, the equity suit for reformation of the contract sued upon in the suit at law being ancillary to and in aid of the latter.

The order appealed from in said cause is hereby affirmed at the cost of the appellant.

HOCKER and PARKHILL, JJ., concur.

WHITFIELD, C. J., and SHACKLEFORD and COCKRELL, JJ., concur in the opinion.