C. E. CONNOR AND RUBIE C. CONNOR, HIS WIFE, *Plaintiffs in Error*, v. J. M. ELLIOTT, JR., *Defendant in Error*.

1. Where no action is taken on an issue tendered by a replication, a new trial should be granted.

2. When a chancery case and a case at law involving the same legal questions between the same parties are pending in the same court and the legal questions will be determined in the chancery suit, good practice suggests the continuance of the law case until the chancery case is disposed of.

This case was decided by Division A.

Writ of error to the Circuit Court for Marion County.

The facts in the case are stated in the opinion of the court.

*Wm. Hocker* and *L. W. Duval*, for Plaintiffs in Error;

*Hampton & Hampton,* for Defendant in Error.

WHITFIELD, C. J.—Writ of error was taken to an order granting a new trial, and under the Statute the court "shall review the said order, and if the cause be reversed, shall direct final judgment to be entered in the court below, for the party who had obtained the verdict in the court below, unless a motion in arrest of judgment, or for judgment *non obstante veredicto,* shall be made and prevail." Sec. 1695 Gen. Stats. of 1906.

The motion for new trial appears in the bill of exceptions with a statement that the motion was granted and an exception noted. An order granting the new trial signed by the trial judge is in the record proper.

On a writ of error to an order granting a new trial in

an action at law under the statute the only questions to be considered are those involved in the order granting a new trial. A motion for new trial is addressed to the sound judicial discretion of the trial courts, and where a trial court grants such a motion, the action in doing so is presumed to be in accordance with the justice and merits of the case, unless the contrary appears by the record. An order of the trial court granting a new trial should not be disturbed by an appellate court, unless it appears affirmatively from the record that there has been an abuse of a sound judicial discretion, or that some settled principle of law has been violated. Jones v. Jacksonville El. Co., 50 Fla. 452.

The action was ejectment under the statute. One of the pleas offered as a defense on equitable grounds averred that "these defendants executed and delivered to the plaintiff two deeds embracing and describing the lands described and referred to in plaintiff's declaration, which said deeds were made and executed to the said plaintiff to secure the payment of a debt then and there due from the defendant C. E. Connor to the said plaintiff and that the plaintiff's only interest in said lands is as security for the said debt so due from the plaintiff, C. E. Connor to the plaintiff, and this the defendants are ready to verify." The court refused to strike this plea and allowed the plaintiff to file the following replication thereto: "That it is not true that he acceped the deeds and conveyances recited in said plea as security for the payment of a debt then and there due and owing by the defendant C. E. Connor to the plaintiff, but he accepted and received said deeds as absolute conveyances of the fee simple title to the property described therein, and as a full and final settlement of all differences between the plaintiff and the defendant C. E. Connor; and thereafter the plaintiff leased the said property to the de-

fendants and put the defendants in the possession thereof, and the defendants went into possession of the property under this plaintiff and as the tenants of this plaintiff, and agreed to pay the plaintiff rental therefor, but did not pay the rent for the said property and are now holding over after the termination of their lease, without the consent of the plaintiff, and directly contrary to the wishes of the plaintiff. And this the plaintiff is ready to verify and prove." No reply of any kind was made to this replication.

As no action was taken on the issue tendered by the replication, a new trial should have been granted. See Owens v. Wilson, 58 Fla. 335, 50 South. Rep. 674; Jones v. Shomaker, 41 Fla. 232, 26 South. Rep. 191.

The main questions of law involved here are determined in the chancery case of Connor v. Connor, this day decided.

When a chancery case and a case at law involving the same legal questions between the same parties are pending in the same court and the legal questions will be determined in the chancery suit, good practice suggests the continuance of the law case until the chancery case is disposed of.

The order is affirmed.

SHACKLEFORD and COCKRELL, J. J., concur.

TAYLOR, HOCKER and PARKHILL, J. J., concur in the opinion.