PITTSBURG STEEL COMPANY, A CORPORATION, *Plaintiff in Error,* v. J. D. STREETY, *Defendant in Error.*

ON REHEARING.

HOCKER, J.—Since filing the opinion in this case a petition for rehearing has been filed in which it is suggested that the court in its original opinion fails to consider the eleventh assignment of error, and upon examination we find that the point is well taken. The record in this case is typewritten on very fine tissue paper, and to this thin paper a number of thick and rather cumbersome exhibits are fastened. It is not an easy record to handle without tearing and marring it. And so it is that the writer of the opinion overlooked the eleventh assignment of error. But as the matters presented by it are argued in the petition for rehearing, it is not necessary to grant the petition, but we will discuss them now.

The eleventh assignment of error is based on the ruling of the court denying the motion for a new trial. The four grounds of the motion here insisted on are:

1st. The verdict is contrary to the evidence; 2nd, the verdict is contrary to the weight and preponderance of the evidence; 3rd, the verdict is not supported by the evidence; 4th, the verdict is contrary to law.

We have carefully read the evidence and there is some conflict as to whether the wire shipped was of the quality which the defendant bought, but there is no such preponderance in favor of the plaintiff below as would justify this court in reversing the verdict. There is sufficient evidence in the case to support the verdict. The credibility of the witnesses and the weight of their testimony were matters for the consideration of the jury. It is said in the petition that this court "erred in considering that the special plea though insufficient in law to constitute a defense to the action, still because not demurred to, if proven would justify the verdict of the jury in favor of the defendant notwithstanding that it was replied to, without regarding the principle that a bad replication is a good answer to a bad plea, and the decision affirming the judgment merely upon holding that there is evidence tending to prove the special plea, notwithstanding the plea of the general issue, and the uncontradicted evidence that large quantities of the wire was good, and the very best stretcher worth three dollars, which was probably retained by the defendant not paid for."

In its original opinion this court said nothing about the sufficiency of the special plea, or of the sufficiency of the replication. We simply said no question of this kind was raised in the court below. Whatever defects the special plea may have we cannot say, and have not intimated, that it presented an entirely immaterial defense—such a defense as would not sustain a judgment. Jones v. Shomaker, 41 Fla., 232, 26 South. Rep., 191.

It is not made a ground of the motion for a new trial, that the case was tried on entirely immaterial issues, and we cannot find any such contention in the briefs. The case was tried on the issues made by the parties, and we can discover no sufficient ground for reversal.

Rehearing denied.

TAYLOR and PARKHILL, J. J., concur;

WHITFIELD, C. J., and SHACKLEFORD and COCKRELL, J. J., concur in the opinion.