SAM KART, *Appellant,* v. L. B. ALEXANDER, *Appellee.*

145 So. 584.

En Banc.

Opinion filed January 18, 1933.

*Evans Haile,* for Appellant;

*Cyrus H. Smithdeal,* for Appellee.

BUFORD, J.—Appellee filed suit to foreclose an alleged lien claimed to exist in his favor under the provision of a conditional sales contract, the subject matter of which was a Ford truck.

Demurrer was filed to the bill of complaint and was properly overruled.

The defendant in the court below then filed an answer in which, amongst other things, he alleged:

"That he did agree to purchase from plaintiff one Ford Truck, with the distinct understanding and agreement with said plaintiff and with the guarantee of said plaintiff that said truck was a new one, that it would operate and run on four speed, or four shift, and with the further guarantee that it would only take a reasonable amount of gas to operate same, and that with a further guarantee that the said truck was in good running order, in good repair, and with a further guarantee and distinct understanding that plaintiff would give to plaintiff (defendant)."

* * * three months free service on same, and a further guarantee and warranty by plaintiff that said truck would run and operate to the full and entire satisfaction of defendant, and that it would be used and operated by defendant satisfactorily and that he agreed to purchase said truck upon the sole guarantee and warranty of all of the above warranty clauses and guaranty clauses above set forth, then said truck was to be returned to said plaintiff and the said contract for the purchase thereof would be cancelled and said truck accepted back by plaintiff in full settlement and full claim and demands of the plaintiff against the defendant for the purchase price of said truck;"

And he further alleged:

"And for further answer to said bill, defendant says that as soon as he discovered the defects in said truck, and the plaintiff failed to make good and keep the agreements and warrantys so made defendant by plaintiff, as more fully set forth in the former part of this answer, and also when the plaintiff failed to give free service to defendant on said truck for three months or at any time, and when said truck failed to operate on four speed or four shifts, as plaintiff guaranteed it would, and when said truck failed to operate to the satisfaction of defendant, defendant immediately carried the said truck back to plaintiff and redelivered said

truck to plaintiff, and said plaintiff took back and received said truck back, as per their contract between them, and thereby released defendant from said contract and agreement between them."

On motion, the answer containing the above allegations was stricken. These allegations, if proven, would constitute a complete defense to the foreclosure suit. If these allegations were true the conduct of the parties amounted to complete accord and satisfaction of the obligation. See American Process Co. v. Fla. White Pressed Brick Co., 56 Fla. 116, 47 Sou. 942, and Hamilton v. Vero Beach Reserve Mortgage Co., filed October 18, 1932.

For the reasons stated, the order appealed from should be reversed and the cause remanded for further proceedings. It is so ordered.

Reversed and remanded.

DAVIS, C. J., and WHITFIELD, ELLIS, TERRELL and BROWN, J. J., concur.